James B. Hicks (SBN 109117) (jhicks@hicksparklaw.com)
Marianna Curry (SBN 137186) (mcurry@hicksparklaw.com)
Hicks │ Park LLP
824 Wilshire Blvd., Suite 300
Los Angeles, CA  90017
Telephone: (213) 612-0007
Facsimile:  (213) 612-0373

Attorneys for Plaintiff
LEISURE SHOE CO., INC

Russell L. Allyn, SBN (143531)  rallyn@buchalter.com
Douglas M. Lipstone, (SBN 141104) dlipstone@buchalter.com
BUCHALTER NEMER
1000 Wilshire Boulevard, 15th Floor
Los Angeles, California 90017
Tel:  213-891-0700
Fax:   213-896-0400

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LEISURE SHOE CO., INC., a corporation, <br><br>                                   Plaintiff, <br><br>          v. <br><br> ARIZONA MAIL ORDER CO., INC., a corporation; CROSSTOWN\TRADERS, INC., a corporation; CHARMING SHOPPES, INC. (dba LANE BRYANT, FASHION BUG, and CATHERINE'S), a corporation; and C.R.A. INTERNATION-AL INDUSTRIAL, INC. (dba ANNIE SHOE and/or ANNIE SHOES), a corporation, <br><br>                                   Defendants. | CASE NO. CV08-03731 SJO (MANx) <br><br> Assigned to:  Hon. S. James Otero <br><br> **JOINT STIPULATION REGARDING CONFIDENTIAL MATERIAL AND [~~PROPOSED~~] PROTECTIVE ORDER** |

JOINT STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER
RE CONFIDENTIAL MATERIAL

1.   <u>STIPULATION</u>

The parties, plaintiff Leisure Shoe Co., Inc. ("Plaintiff") and defendants Arizona Mail Order Co., Inc. ("AMO"), Crosstown/Traders, Inc. ("Crosstown"), Charming Shoppes, Inc. (Charming Shoppes") and C.R.A. International Industrial, Inc. ("CRA") (collectively, "Defendants"), through their respective undersigned counsel of record, hereby stipulate to the following Protective Order.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Disclosure of this confidential material could subject the parties to a competitive disadvantage and/or expose financial material without protection.

Plaintiff has brought a claim against Defendants for Copyright Infringement in connection with the use of four designs on the manufacture and sale of merchandise, specifically shoes.

CRA manufactured the shoes and sold them wholesale to AMO.  AMO sold the shoes retail to its customers.

Plaintiff has propounded discovery to Defendants that includes requests for the production of documents involving the financial and pricing aspects of the manufacture, sales, distribution, marketing and inventory of the merchandise in dispute, along with each of the Defendants' gross and net profits on these sales based upon its revenues and costs.  The parties agree that these proprietary, private and confidential documents should be kept confidential during pre-trial discovery proceedings and that any documents or information of a similar proprietary, private or confidential nature that may be produced by Plaintiff are entitled to the same protections and treatment.

Accordingly, for good cause shown, the parties have agreed to the following Protective Order:

/ / /

2.   <u>DEFINITIONS</u>

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.  This Protective Order does not restrict the dissemination of information if gained from other sources.

2.3   <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P 26(c) and include documentation of the financial and pricing aspects of the manufacture, sales, distribution, marketing and inventory of the merchandise in dispute, along with each of the Defendants' gross and net profits on these sales based upon its revenues and costs, and other related private and proprietary information.

2.4   <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items:</u>  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosure or in responses to discovery as "Confidential" or "Highly Confidential —Attorneys' Eyes Only.

2.8   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

1  designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2        2.9  <u>Outside Counsel</u>:  attorneys who are not employees of a Party.

3        2.10  <u>House Counsel</u>:  attorneys who are employees of a Party.

4        2.11  <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as

5  well as their support staffs).

6        2.12  <u>Expert</u>:  a person with specialized knowledge or experience in a

7  matter pertinent to the litigation who has been retained by a Party or its counsel to serve

8  as an expert witness or as a consultant in this action and who is not a past or a current

9  employee of a Party or of a competitor of a Party and who, at the time of retention, is

10  not anticipated to become an employee of a Party or a competitor of a Party.  This

11  definition includes professional jury or trial consultant retained in connection with this

12  litigation.

13        2.13  <u>Professional Vendors</u>:  persons or entities that provide litigation

14  support services (e.g., photocopying; videotaping; translating; preparing exhibits or

15  demonstrations; organizing; storing, retrieving data in any form or medium; etc.) and

16  their employees and subcontractors.

17     3.  <u>SCOPE</u>

18      The protections conferred by this Protective Order cover information exchanged

19  in discovery and pre-trial proceedings, including but not limited to documents produced,

20  deposition testimony, exhibits, declarations in support of motion papers, interrogatory

21  responses, responses to requests for admission, initial disclosures, and briefs (including

22  those prepared for mediation or settlement purposes).

23     4.  <u>DURATION</u>

24      This Protective Order will remain in effect during the discovery phase of this

25  litigation.  The use of Protected Material for the purpose of trial which is open to the

26  public is not addressed herein and will be the subject of future agreement or Court order

27  as the need arises and as the Court may decide.

28

5.    DESIGNATING PROTECTED MATERIAL

      5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

      In particular, the parties shall be extremely judicious in the application of any "Highly Confidential – Attorneys' Eyes Only" designation so as not to inhibit or otherwise interfere with the ability of Counsel to render advice to their respective Party clients.

      If it comes to a Party's or a non-party's attention that information or items that is designated for protection do not qualify for protections at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2  Manner and Timing of Designations.  Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" at the top of each page that contains protected material or on the first page of a multi-page document.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either 'CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants  copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order; then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) e.g., by making appropriate makings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

(b)  A Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the whole or a portion of any deposition testimony, regardless by whom given, that contains or discloses protected material.  The Party so designating any

portion of a deposition may do so on the record at the deposition or, within twenty (20) days of receipt of the deposition transcript, shall serve a written statement on the Parties and the court reporter specifying the portions of the deposition to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".  Any portion not so designated shall not be entitled to the protections of this Protective Order; however, the entire transcript shall be deemed "CONFIDENTIAL" prior to the expiration of this 20 day period.  If a document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is used as an exhibit at a deposition, that document and the deposition concerning it shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (as applicable) regardless of whether a Party makes any formal designation thereof.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as applicable.

This Paragraph 5.2(b) also governs deposition testimony designations of Protected Material by a non-party Producing Party.

This Paragraph 5.2(b) is subject to the broader language of Paragraph 5.3, infra.  To the extent possible, however, all Parties and non-parties are expected to comply with the twenty (20) day time frame for designation of Protected Material.

(c)  for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY,"  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether

they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL —

ATTORNEYS' EYES ONLY."

       5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

failure to designate qualified information or items as "Confidential" or "Highly

Confidential-Attorneys' Eyes Only" does not, standing alone, waive the Designating

Party's right to secure protection under this Protective Order for such material.  If

material is appropriately designated as "Confidential" or "Highly Confidential —

Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on

timely notification of the designation, must make reasonable efforts to assure that the

material is treated in accordance with the provisions of this Protective Order.

Correction of status and notice thereof shall be made in writing, accompanied by

substitute copies of the Protected Material appropriately marked "Confidential" or

"Highly Confidential – Attorneys' Eyes Only," as applicable.

     6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

       6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating

Party's confidentiality designation is necessary to avoid foreseeable substantial

unfairness, unnecessary economic burdens, or a later significant disruption or delay of

the litigation, a Party does not waive its right to challenge a confidentiality designation

by electing not to mount a challenge promptly after the original designation is disclosed.

       6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

Designating Party's confidentiality designation must do so in good faith and must begin

the process by conferring directly (in voice-to-voice dialogue; other forms of

communication are not sufficient) with counsel for the Designating Party.  In

conferring, the challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if

no change in designation is offered, to explain the basis for the chosen designation.  A

1  challenging Party may proceed to the next stage of the challenge process only if it has

2  engaged in this meet and confer process first.

3          6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

4  confidentiality designation after considering the justification offered by the Designating

5  Party may file and serve a motion under the appropriate Local Rule that identifies the

6  challenged material and sets forth in detail the basis for the challenge.  Each such

7  motion must be accompanied by a competent declaration that affirms that the movant

8  has complied with the meet and confer requirements imposed in the preceding

9  paragraph and that sets forth with specificity the justification for the confidentiality

10  designation that was given by the Designating Party in the meet and confer dialogue.

11          The burden of persuasion in any such challenge proceeding shall be on the

12  Designating Party.  Until the Court rules on the challenge, all parties shall continue to

13  afford the material in question the level of protection to which it is entitled under the

14  Producing Party's designation.

15       7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

16          7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that

17  is disclosed or produced by another Party or by a non-party in connection with this case

18  only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

19  Material may be disclosed only to the categories of persons and under the conditions

20  described in this Protective Order.  When the litigation has been terminated, a Receiving

21  Party must comply with the provisions of Paragraph 11, below (FINAL

22  DISPOSITION).

23          Protected Material must be stored and maintained by a Receiving Party at a

24  location and in a secure manner that ensures that access is limited to the persons

25  authorized under this Protective Order.

26          7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

27  otherwise ordered by the court or permitted in writing by the Designating Party, a

28

JOINT STIPULATION AND [ ~~PROPOSED~~ ] PROTECTIVE ORDER
RE CONFIDENTIAL MATERIAL

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g)  the author of the document or the original source of the information.

7.3  Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

1  item designated "HIGHLY CONFIDENTIAL —  ATTORNEYS' EYES ONLY" only

2  to:

3              (a)  the Receiving Party's Outside Counsel of record in this action, as

4  well as employees of said Counsel to whom it is reasonably necessary to disclose the

5  information for this litigation and who have signed the "Agreement to Be Bound by

6  Protective Order" that is attached hereto as Exhibit A;

7              (b)  Experts (as defined in this Order) (1) to whom disclosure is

8  reasonably necessary for this litigation, (2) who have signed the "Agreement to Be

9  Bound by Protective Order" (Exhibit A),

10             (c)  the Court and its personnel;

11             (d)  court reporters, their staffs, and professional vendors to whom

12  disclosure is reasonably necessary for this litigation and who have signed the

13  "Agreement to Be Bound by Protective Order" (Exhibit A); and

14             (e)  the author of the documents or the original source of the

15  information.

16       8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

17  IN OTHER LITIGATION.

18       If a Receiving Party is served with a subpoena or an order issued in other

19  litigation that would compel disclosure of any information or items designated in this

20  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —  ATTORNEYS'

21  EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by

22  fax, if possible) immediately and in no event more than three court days after receiving

23  the subpoena or order.  Such notification must include a copy of the subpoena or court

24  order.

25       The Receiving Party also must immediately inform in writing the Party who

26  caused the subpoena or order to issue in the other litigation that some or all the material

27  covered by the subpoena or order is the subject of this Protective Order.  In addition, the

28

1  Receiving Party must deliver a copy of the Protective Order promptly to the Party in the

2  other action that caused the subpoena or order to issue.

3       The purpose of imposing these duties is to alert the interested parties to the

4  existence of this Protective Order and to afford the Designating Party in this case an

5  opportunity to try to protect its confidentiality interests in the court from which the

6  subpoena or order issued.  The Designating Party shall bear the burdens and the

7  expenses of seeking protection in that court of its confidential material – and nothing in

8  these provisions should be construed as authorizing or encouraging a Receiving Party in

9  this action to disobey a lawful directive from another court.

10      9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

11      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

12  Protected Material to any person or in any circumstance not authorized under this

13  Protective Order, the Receiving Party must immediately (a) notify in writing the

14  Designating Party of the unauthorized disclosures, (b) use is best efforts to retrieve all

15  copies of the Protected Material, (c) inform the person or persons to whom unauthorized

16  disclosures were made of all the terms of this Protective Order, and (d) request such

17  person or persons to execute the "Agreement to Be Bound By Protective Order" that is

18  attached hereto as Exhibit A.

19      10.    <u>FILING PROTECTED MATERIAL</u>.

20      Without written permission from the Designating Party or a court order secured

21  after appropriate notice to all interested persons, a Party may not file in the public

22  record in this action any Protected Material.  A Party that seeks to file Protected

23  Material must do so based upon an application that they be filed under seal.  Such

24  application must comply with the requirements of Local Rule 79-5 and should seek to

25  file only the confidential portions of such documents under deal and based upon the

26  appropriate showing.  Any application to file documents under seal in proceedings

27  before the district judge should be made to the district judge.

28

-12-

11.  <u>FINAL DISPOSITION</u>.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, including any appeals, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, attorney and consultant work product, or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney and consultant work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

/ / /

1  Protective Order.  Similarly, no Party waives any right to object on any ground to use in

2  evidence any of the material covered by this Protective Order.

3

4  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

5

6  Dated:  January 14, 2009           ____/s/ Marianna Curry_____

7                                                      Marianna Curry

8                                                      HICKS | PARK LLP

                                                       Attorneys for Plaintiff

9                                                      Leisure Shoe Co., Inc.

10

11  Dated:  January 14, 2009           ____/s/ Russell L. Allyn_____

                                                       Russell L. Allyn

12                                                     BUCHALTER NEMER

13                                                     Attorneys for Defendants

                                                       Arizona Mail Order Co., Inc.,

14                                                     Crosstown/Traders, Inc. Charming

15                                                     Shoppes, Inc. and C.R.A. International

                                                       Industrial, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STIPULATION AND [ ~~PROPOSED~~ ] PROTECTIVE ORDER**
**RE CONFIDENTIAL MATERIAL**

1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7        FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
8
9    LEISURE SHOE CO., INC.,                    CASE NO. CV08-03731 SJO (MANx)
     a corporation,
10                                              Assigned to:  Hon. S. James Otero
                         Plaintiff,
11                                              [~~PROPOSED~~] PROTECTIVE ORDER
              v.
12
     ARIZONA MAIL ORDER CO., INC., a
13   corporation; CROSSTOWN\TRADERS,
     INC., a corporation; CHARMING
14   SHOPPES, INC. (dba LANE BRYANT,
     FASHION BUG, and CATHERINE'S), a
15   corporation; and C.R.A. INTERNATION-
16   AL INDUSTRIAL, INC. (dba ANNIE
     SHOE and/or ANNIE SHOES), a
17   corporation,
18
                         Defendants.
19
20
21        Based on the parties' Joint Stipulation Regarding Confidential Material ("Joint

22   Stipulation"), dated January 14, 2009, and good cause appearing therefore, the terms of

23   the Joint Stipulation are adopted as a Protective Order of this Court.  The parties are

24   expressly cautioned, however, that this Protective Order, in and of itself, creates no

25   entitlement to file under seal information, documents, or things designated as Protected

26   Material by the parties.  Accordingly, reference to this Protective Order or to the parties'

27   designation of any information, document, or thing as Protected Material is wholly

28
                    JOINT STIPULATION AND [ ~~PROPOSED~~ ] PROTECTIVE ORDER
                             RE CONFIDENTIAL MATERIAL

1 insufficient to warrant filing under seal.  Good cause must be shown to support a filing

2 under seal, and the parties' mere designation of any information, document, or thing as

3 Protected Material does not -- without the submission of competent evidence

4 establishing that the material sought to be filed under seal qualifies as confidential,

5 proprietary, or private information -- establish good cause.

6

7          IT IS SO ORDERED.

8

9 DATED:  June 30, 2009

10                                                    _____
                                                       Margaret A. Nagle
11                                                    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

# **EXHIBIT A**

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on January ___, 2009 in the case of *Leisure Shoe Co., Inc. v. Arizona Mail Order Co., Inc., etc. et al.*, Case No. CV 08-3731 SJO (MANx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## CERTIFICATE OF SERVICE

Pursuant to Local Rules (C.D. Cal.) 5-3 and 5-4, I hereby certify that on January 20, 2009, a true and correct copy of the following document – **Joint Stipulation and [Proposed] Protective Order re Confidential Material** - was electronically filed via the Court's Electronic Case Filing System (ECF).  Notice of the filing will be sent to all counsel of record (including the following), and the parties may also access it via ECF.

Russell L. Allyn, Esq.
Douglas M. Lipstone, Esq.
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, California  90017


　　　　　/s/  Penny L. Johnson
　　　　　**Penny L. Johnson**